UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| BACK COUNTRY HORSEMEN OF AMERICA, ) ) ) ) Plaintiff, ) ) v. ) ) MIKE JOHANNS, in his official capacity ) as Secretary of the United States ) Department of Agriculture, the UNITED ) STATES DEPARTMENT OF ) AGRICULTURE, DALE BOSWORTH, in ) his official capacity as Chief of the United ) States Forest Service; and the UNITED ) STATES FOREST SERVICE, ) ) Defendants. ) | Civil Action No. 05-0960 (ESH) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Back Country Horsemen (BCHA) seeks to recover attorney's fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412.  BCHA previously brought suit asking the Court to review an action taken by the United States Forest Service ("Agency") for violations of the National Forest Management Act ("NFMA"), Pub. L. No. 940588, 90 Stat. 2949 (codified as amended at 16 U.S.C. § 1604, 1612), and the National Environmental Policy Act of 1969 ("NEPA"), 42 U.S.C. §§ 4321 *et seq*.  The Court issued a Memorandum Opinion and Order granting plaintiff's motion for summary judgment with respect to its NFMA claim, but denying its NEPA challenge.  *Back Country Horsemen of America v. Johanns*, 424 F. Supp. 2d 89

1

(D.D.C. 2006). Because the Agency's arguments in support of its position on summary judgment were substantially justified, the Court finds that BCHA is not entitled to attorney's fees under EAJA.

## BACKGROUND

The catalyst for plaintiff's initial action was the Forest Service's implementation of a plan to reclassify its trail system. This Court held that the Agency violated Sections 6 and 14 of the NFMA because it had initiated the reclassification without first providing notice and an opportunity to comment. *Id.* at 98; *see* 16 U.S.C. § 1612(a). With respect to the NEPA challenge, however, the Court held that NEPA did not require the Agency to prepare an Environmental Impact Statement or an Environmental Assessment before it instituted its reclassification system. *Id.* at 100; *see* 42 U.S.C. § 4332(2)(C); 40 C.F.R. § 1508.9(b). The issues presented to the Court involved complicated determinations of statutory construction, as well as the reasonableness of the Agency's actions. Despite failing to prevail on half of their claims, BCHA now brings an action as a "prevailing party" to recover attorney's fees in the amount of $27, 076.50 pursuant to the EAJA.

## ANALYSIS

The EAJA authorizes an award of fees to a party prevailing against the United States unless the government's legal position was "substantially justified or . . . special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The defendant has not asserted any special circumstances which would make the award unjust or inequitable. Therefore, the issue is whether the Agency's position, both in the underlying agency action and the arguments defending the action in court, was "substantially justified" so as to preclude an award of

attorney's fees.  The Agency "bears the burden of proving that its position meets the substantially justified standard."  28 U.S.C. § 2412(d)(1)(A); s*ee Cinciarelli v. Reagan,* 729 F.2d 801, 806 (D.C. Cir. 1984); *Truckers United for Safety v. Mead*, 201 F. Supp. 2d 52, 55 (D.D.C. 2002).  "Substantially justified" has been interpreted to mean "not justified to a high degree, but rather justified in substance or in the main – that is, justified to a degree that could satisfy the reasonable person."  *Pierce v. Underwood,* 487 U.S. 552, 565 (1988).  Essentially, the Agency must prove that the position had "a reasonable basis in law and fact."  *Air Transport Association of Canada v. Federal Aviation Administration*, 156 F.3d 1329, 1332 (D.C. Cir. 1998) (quoting *Pierce,* 487 U.S. 552, 566 n. 2); *Taucher v. Brown-Hruska*, 396 F.3d 1168, 1172 (D.C. Cir. 2005).

The inquiry into the reasonableness of the Agency's position under the EAJA "may not be collapsed into [the Court's] antecedent evaluation of the merits, for the EAJA sets forth a 'distinct legal standard.'" *Cooper v. United States R.R. Retirement Bd.*, 24 F.3d 1414, 1416 (D.C. Cir. 1994) (quoting *FEC v. Rose,* 806 F.2d 1081, 1089 (D.C. Cir. 1986)); *F.J. Vollmer Co.*, *Inc. v. Magaw*, 102 F.3d 591, 595 (D.C. Cir. 1996).  Rather, the focus is on *why* the Agency's position failed: "if, for example, the government lost because it vainly pressed a position 'flatly at odds with the controlling case law,' that is one thing; quite another if the government lost because an unsettled question was resolved unfavorably."  *Taucher*, 396 F.3d at 1174 (quoting *Am. Wrecking Corp. v. Sec. of Labor,* 364 F.3d 321, 326-27 (D.C. Cir. 2004); *see also United States v. Hallmark Constr. Co.,* 200 F.3d 1076, 1080 (7th Cir.2000) ("the district court must reexamine the legal and factual circumstances of the case from a different perspective than that used at any other stage of the proceeding").

As plaintiff did not prevail on its NEPA claim, the Court's inquiry is limited to the Agency's position concerning its defense to plaintiff's NFMA claim.  In Section 14 of NFMA, 16 U.S.C. § 1612, Congress had delegated to the Agency the task of promulgating regulations that would give the public notice and an opportunity to comment upon the formulation of "standards, criteria, and guidelines" applicable to Forest Service programs.  16 U.S.C. § 1612(a). The Agency's regulations defined the statute's phrase "standards, criteria, and guidelines" as requiring notice for actions that provided a "general framework for management," but not for those actions that provided only "instructions, procedure, and other materials [that would be] issued in Forest Service Handbooks."  *Compare* 36 C.F.R. § 216(c) *with* 36 C.F.R. § 216.3(a)(2). The Court had the task of deciding whether the regulations' distinction and the Agency's decision not to notify the public about its trail reclassification plan reasonably comported with the requirements of 16 U.S.C. § 1612(a).  *Back Country Horsemen of America*, 424 F. Supp. 2d at 95.

The question of reasonableness was "hardly . . . self-evident or obvious." *Taucher* 396 F.3d at 1176 (finding that the government's position was substantially justified when the court had difficulty drawing a clear line between permissible regulation and unconstitutional suppression of speech).  The Agency argued that its new trail classification system was essentially a data inventory system, which would not require notice and comment before implementation.  Though the Court found that the system did more than merely inventory data, the Agency's argument was not without merit.  Indeed, as the Court's ruling with regard to plaintiff's NEPA claim suggests, the on-the-ground effect of the new system was questionable. *Back Country Horsemen of America*, 424 F. Supp. 2d at 97.  Also, with regard to the design

parameters of the reclassification system, the Agency posited that notice and comment was not necessary because (1) the local Forest Staff were not bound by the new design parameters, and (2) the substance of the new parameters was not significantly different from the old.  The Agency pointed to case law that supported the proposition that the it was entitled to deference in its interpretation of 16 U.S. C. § 1612(a).  *See Chevron, U.S.A., Inc. v. Natural Res. Def. Council*, 467 U.S. 837, 845 (1984). Although the Court ultimately disagreed and decided that the NFMA intended for the public to have notice and the opportunity to comment on actions such as the reclassification system, the Agency was more than "substantially justified" in its position.  The Agency's arguments in support of its position had "a reasonable basis in law and fact," *Pierce*, 487 U.S. 552, 566 n.2, and therefore plaintiff is not entitled to attorney's fees under the EAJA.

## CONCLUSION

For the foregoing reasons, the Court denies plaintiff's motion for attorney's fees under the EAJA.

                                                                        _____
                                                                        ELLEN SEGAL HUVELLE
                                                                        United States District Judge

Date: July 19, 2006